UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD KHATTER,

    Plaintiff,               Case No.

v

                                      DEMAND FOR JURY TRIAL

V & J, INC,
ADAM MASSIE,
CREDIT ACCEPTANCE CORPORATION,
POLICE OFFICER STEVEN ZACHARY, and
CITY OF DEARBORN,

    jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES
## AND JURY DEMAND

### Jurisdiction and Venue

1. This court has jurisdiction over Plaintiff's Fair Debt Collection Practices Act and federal civil rights claims pursuant to 28 U.S.C. §1331.

2. Venue is properly laid in this court pursuant to 28 U.S.C. §1391(b) as all Defendants reside in the State of Michigan, all Defendants are believed to reside in the Eastern District, and the events or omissions giving rise to the claims occurred in the Eastern District of Michigan.

3. This Court has supplemental jurisdiction over the related State law claims pursuant to 28 U.S.C. §1367.

**Parties**

4. At all time relevant to this Complaint, Plaintiff Mohamad Khatter is a resident of the City of Dearborn, Wayne County, Michigan.

5. Defendant V & J, Inc. ("V & J") is a Michigan corporation doing business in Wayne County, Michigan.

6. Defendant, Adam Massie, is an employee and agent of the Defendant V & J.

7. Credit Acceptance Corporation ("CAC") is a Michigan corporation doing business in Oakland County, Michigan.

8. At all times relevant to this Complaint, Defendants Massie and V&J were working as agents for CAC.

9. Defendant Steven Zachary is a police officer and employee of the City of Dearborn Police Department and was, at all times relevant, acting under color of law and in the course of his employment; this Defendant is being sued in his individual capacity.

10. That at all times relevant to this Complaint, the City of Dearborn is an organized municipal corporation existing under the laws of the State of Michigan.

**Facts**

11. The conduct complained of in this lawsuit occurred on or about August 22, 2014.

12. On August 22, 2014, Plaintiff owned a 2007 Chevrolet Trailblazer ("the vehicle"), which was not encumbered by any lien.

13. On August 22, 2014, CAC had no valid lien on the vehicle.

14. On August 22, 2014, CAC did not have a legal right to repossess Plaintiff's vehicle.

15. Moreover, Plaintiff, on that day possessed the exclusive right to the vehicle.

16. Moreover, no court order had ever been obtained by any of the Defendants to this lawsuit that would have allowed any person or entity other than Plaintiff to possess or repossess the vehicle.

17. Prior to August 22, 2014, CAC hired V & J to repossess the vehicle in spite of the fact that CAC had no right to possess of repossess the vehicle.

18. On August 22, 2014, Adam Massie and V & J showed up at night and began to repossess the vehicle.

19. Plaintiff's wife ran outside and explained to Adam Massie and V & J that Plaintiff had clean title to the vehicle and asked Defendant Massie to stop repossessing the vehicle.

20. Plaintiff called the Dearborn Police Department and shortly thereafter, Defendant Steven Zachary arrived.

21. Plaintiff showed the Defendants Massie and Zachary his title to the vehicle and demonstrated to both that he had unencumbered right to possess the vehicle; as such, these Defendants had actual notice that the vehicle belonged to Plaintiff unencumbered.

22. In spite of actual notice that the vehicle belonged to Plaintiff unencumbered, Defendant Zachary ordered the Plaintiff to remove his plate and his belongings from the vehicle and relinquish possession of the vehicle to Defendants Massie and V & J.

23. In spite of actual notice that the vehicle belonged to Plaintiff unencumbered, Defendants Massie and V & J repossessed the vehicle with no present right to do so.

24. Defendant Massie knew or should have known the limits of his lawful authority to repossess a vehicle on private property when he is without legal process or other court order, and when the vehicle's owner is present, objecting to the repossession, and demonstrating that he has clean, unencumbered title to the vehicle.

25. Defendant V &J knew or should have known the limits of its lawful authority to repossess a vehicle on private property when it is without legal process or other court order, and when the vehicle's owner is present, objecting to the repossession, and demonstrating that he has clean, unencumbered title to the vehicle.

26. A reasonably competent police officer properly trained in the constitutional limitations of his authority in interjecting himself into an obviously civil matter, or in the constitutional limitations under the Fourth Amendment in seizing property without an arrest warrant, search warrant, court order, or other probable cause to believe the property is related to a crime would have known that the seizure of Plaintiff's vehicle was improper.

27. A reasonably competent police officer properly trained in the constitutional limitations of his authority when confronted with the situation as it then appeared should have referred Defendants Massie and V & J to their remedies through the court system, rather than by repossession.

28. A reasonably competent police officer should have known that he had no lawful justification or excuse to assist a repossession company, or a finance company, or its agents, under the circumstances that were presented when he had actual notice of the vehicle's clean title.

29. Notwithstanding his inability to confirm that either V & J or CAC in fact had a proper legal right to repossess the vehicle, and faced with demonstrative proof that Plaintiff had a superior possessory interest, Defendant Zachary chose instead to interject himself into the dispute and took sides.

30. Specifically, Zachary advised the Plaintiff that he was going to allow the repossession company to take the vehicle, and ordered that the Plaintiff to relinquish possession of the vehicle.

31. Instead of referring Defendants Massie and V & J to the court system, Defendant Zachary chose to take sides and conduct a "curbside courtroom."

32. Specifically, the Defendant Police Officer decided on the spot that Defendants CAC, V & J, and Massie were entitled to possession of Plaintiff's vehicle.

33. Plaintiff's wife, children and neighbors witnessed this wrongful repossession.

34. Plaintiff was forced to purchase another vehicle after his vehicle was wrongly taken from him.

35. CAC refused to return the Plaintiff's vehicle for seven days; when CAC returned the vehicle, it was severely damaged.

36. As a direct and proximate result of the conduct of the Defendants, referred to more fully throughout this Complaint, Plaintiff suffered and continues to suffer embarrassment, indignation, humiliation, shame, outrage, anxiety, inconvenience, fear, disgrace, discomfort, loss of the use of his vehicle, other expenses related to the use of his vehicle and its repossession, and denial of cherished constitutional rights.

## Count I

## Civil Rights Violation - §1983

## (Individual Officer, CAC, Massie and Smart Recovery, L.L.C.)

37. Plaintiff incorporates the preceding allegations as if set forth herein.

38. Defendant CAC, through its agents, servants, or employees, acted jointly and in concert with the Defendant police officer.

39. Defendant V & J, through its agents, servants, or employees, acted jointly and in concert with the Defendant police officer.

40. As a result of their unlawful, malicious, reckless, and indifferent acts or omissions, the Defendant officer, CAC, Massie and V & J, both alone and in concert, conspired to and acted under color of law but contrary to law and did deprive Plaintiff of his rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. §1983, including:

   a. Plaintiff's right to be free from an unreasonable search or seizure of his person, as guaranteed by Amendments IV and XIV of the United States Constitution, by seizing and confiscating his vehicle and refusing to return it, even though it was seized without benefit of an arrest warrant, search warrant, other legal process or court order, or other probable cause to detain it; and

   b. Plaintiff's right to due process of law and to be free from egregious official misconduct, as guaranteed by Amendment XIV of the United States Constitution, by summarily repossessing his vehicle, without first giving him his day in court.

## Count II

### §1983 - Municipal Liability

41. Plaintiff incorporates the preceding allegations as if set forth herein.

42. That the City of Dearborn, through its police department, has established a practice, policy, or custom which directly and proximately caused the injuries and harm suffered by Plaintiff, as stated more fully throughout this Complaint by:

    a. Deliberately failing to adequately supervise or discipline its officers in general, or this Defendant officer in particular, when it becomes known or apparent that the officers have violated the Fourth Amendment rights of citizens in the manner complained of in this lawsuit.

    b. Deliberately taking no action when, upon information and belief, Defendant City knew or should have known of the propensities of its officers in general, or this Defendant officer in particular, to improperly intervene in a private legal dispute by taking sides and conducting a "curbside courtroom," instead of properly referring one or all parties to their remedies under civil law.

    c. Failing to properly train its officers in the limitations of their conduct as required by the Constitution and laws of the United States.

    d.    Knowingly, intentionally, deliberately, recklessly, or negligently failing to prevent the violation of the Fourth Amendment rights of the Plaintiff, in the manner complained of in this lawsuit, as it should or must have been known to the Defendant municipality, prior to August of 2014, that its officers would be called to the scene of a dispute between a repossession company attempting to take a motor vehicle, and the owners of that vehicle protesting against the seizure.

43.    Defendant municipality's practice, policy, or custom, as set forth mor fully throughout this Complaint, was the moving force that did deprive Plaintiff of his rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. §1983, including:

    a.    Plaintiff's right to be free from an unreasonable search or seizure of his person, as guaranteed by Amendments IV and XIV of the United States Constitution, by seizing and confiscating his vehicle and refusing to return it, even though it was seized without benefit of an arrest warrant, search warrant, other legal process or court order, or other probable cause to detain it; and

    b.    Plaintiff's right to due process of law and to be free from egregious official misconduct, as guaranteed by Amendment XIV of the United States Constitution, by summarily repossessing his vehicle, without first giving him his day in court.

## Count III

### Statutory Conversion, Receipt or Concealment

### (CAC, Massie and V & J)

44.    Plaintiff incorporates the preceding allegations by reference.

45. These Defendants actions in converting the vehicle were wilful or intentional.

46. These acts constitute a willful or intentional conversion under M.C.L. § 600.2919a entitling Plaintiff to recover treble the value of the vehicle converted.

## Count IV

### Common Law Conversion (CAC, Massie and V & J)

47. Plaintiff incorporates the preceding allegations by reference.

48. CAC and its agents took the vehicle from Plaintiff.

49. CAC and its agents had no right to possess the vehicle.

50. These acts constitute a conversion of the vehicle.

## Count V

### Fair Debt Collection Practices Act (V & J)

51. Plaintiff incorporates the preceding allegations by reference.

52. V & J is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6).

53. V & J violated one or more provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692f(6).

54. Plaintiff has suffered damages as a result of V & J's violations of the FDCPA.

## Count IV

### Fair Debt Collection Practices Act (Massie)

55. Plaintiff incorporates the preceding allegations by reference.

56. Massie is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

57. Massie violated one or more provisions of the FDCPA, including, but not limited to 15 U.S.C. §1692f(6).

58. Plaintiff has suffered damages as a result of Massie's violations of the FDCPA.

## JURY DEMAND

59. Plaintiff demands a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

a. Assume jurisdiction over this case including all supplemental claims.

b. Award actual damages, jointly and severally, against all Defendants, and punitive damages against each Defendant (except the Defendant municipalities) individually, plus costs, pre-judgment and post-judgment interest, and actual attorney fees, pursuant to 42 U.S.C. § 1988 and 15 U.S.C. §1692 *et seq.*

c. Award treble damages pursuant to the conversion statute.

d. Such other statutory damages, costs, punitive damages, and attorney fees as the law may provide.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Plaintiff
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net